IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 6, 2000 Session

## TAMMY ELIZABETH HICKMAN and DANNY RAY HICKMAN vs. EUGENIA DARLENE HICKMAN

**Direct Appeal from the Chancery Court for Rhea County**
**No. C.A. #9036     Hon. Jeffrey F. Stewart, Chancellor**

**FILED SEPTEMBER 28, 2000**

**No. E2000-00927-COA-R3-CV**

Plaintiffs sued to terminate the mother's parental rights. The Trial Judge held plaintiffs failed to carry the burden of proof. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

William G. McPheeters, Dayton, Tennessee, for Appellants, Tammy Elizabeth Hickman and Danny Ray Hickman.

Russell Anne Swafford, Dunlap, Tennessee, for Appellee, Eugenia Darlene Hickman.

### OPINION

In this action to terminate the parental rights of the mother, the Trial Judge determined the father and his wife had failed to meet the burden of proof that the mother's parental rights should be terminated by clear and convincing evidence, and refused to allow an adoption. The Court further Ordered that the mother would have unsupervised visitation with the children, but that she would pay child support. The father has appealed.

Our review of this case is *de novo* with the presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d).

Parents have a fundamental right to the care, custody, and control of their children, and in order to terminate one's parental rights, there must be a showing of clear and convincing evidence of abandonment, abuse, neglect, etc. *Stanley v. Illinois*, 405 U.S. 645, 92 S. Ct. 1206 (1972); *O'Daniel v. Messier*, 905 S.W.2d 182 (Tenn. Ct. App. 1995); Tenn. Code Ann. §36-1-113.

In this case, father sought termination of the mother's rights on the theory of abandonment. He argues that the mother failed to visit the children and that she had failed to support the children. The father offered evidence that the mother's visitation had always been sporadic, that sometimes she would not show and that she made numerous harassing phone calls. After he remarried he would not give the mother his address because of her violent temper, and they exchanged the children at another location. Their contact was confrontational, and she finally stopped visitation and had not seen the children for two years. His wife and her sister essentially corroborated his testimony. The mother testified that visitation became more and more difficult because the father would only allow her to have supervised visitation with the children, and the father would not cooperate in permitting visitation.

The Trial Court found that the father and stepmother had "attempted to obstruct what visitation efforts [mother was making] so as to cause her to withdraw from further visitation." The Court further found that it was in the children's best interests to have regular visitation with the mother, and that there had been no intentional act by the mother to abandon her children. Our review of the record, taking into account the Trial Judge's determination of the credibility of the witnesses, leads us to conclude the evidence does not preponderate against the Trial Judge's findings. Tenn. R. App. P. 13(d). The father did not present clear and convincing evidence that the mother's parental rights should be terminated. The father and the stepmother both admitted that they had interfered with the mother's attempts at visitation, and the record demonstrates that the mother had clearly tried to maintain a relationship with her children. We affirm the Trial Judge's ruling that the mother did not intentionally fail to visit her children.

Regarding the father's allegations of non-support, the Court determined that there was no Order directing mother to pay child support, and that the mother had made some efforts to provide clothing and other items for her children, albeit infrequently. The father admitted that the mother was under no court order to pay support, and the father had never asked that support be paid. The Trial Court further ruled that the father failed to offer clear and convincing evidence that the mother intentionally failed to support the children. We affirm. *See Martin v. Martin*, 2000 WL 298247 (Tenn. Ct. App. March 23, 2000).

The judgment of the Trial Court is affirmed with the cost of the appeal assessed to Danny Ray Hickman and Tammy Elizabeth Hickman, and the cause remanded.

_____
HERSCHEL PICKENS FRANKS, J.